IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTIAN BLANCHARD, § § § **Plaintiff,** § § **v.** § § DEPARTMENT OF HEALTH AND § HUMAN SERVICES, § § **Defendants.** § | CIVIL ACTION NO. 6:23-CV-00375-JDK |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christian Blanchard ("Plaintiff"), proceeding *pro se*, filed the above captioned lawsuit on July 27, 2023. Because Plaintiff requested to proceed *in forma pauperis*, (Doc. No. 4), the court has reviewed the pleadings in this action pursuant to 28 U.S.C. § 1915(e)(2) and has determined that, for the reasons stated herein, the allegations fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Accordingly, the court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Plaintiff filed an original complaint against the Department of Health and Human Services ("DHHS") on July 28, 2023. (Doc. No. 1). The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 2). In the original complaint, Plaintiff stated:

> I was repeatedly denied caregiver services that I desperately needed due to errors and/or incomplete evaluation of my case by a nurse that led to a denial of service. As a result, I suffered massive physical and emotional damage that was easily preventable with the proper care.

On August 18, 2023, the court issued an order stating that Plaintiff's original complaint failed to meet the pleading standards in Federal Rule of Civil Procedure 8 and ordering Plaintiff to file an amended complaint that complies with Rule 8 within thirty days of receipt of the court's order. (Doc. No. 6, at 2–3).

Plaintiff filed an amended complaint on September 28, 2023. (Doc. No. 10). The amended complaint states that Plaintiff has been disabled for over seven years and was "supposed to be provided a caregiver in [Plaintiff's] home through Medicaid Services via the DHHS." *Id.* Plaintiff alleges that DHHS has failed to provide an at-home caregiver because of "mistakes made along the way by [DHHS] and their representatives," and that this failure "left [Plaintiff] in a dangerous situation as a result which led to this incident." *Id.* Plaintiff claims that an at-home caregiver "would have noticed that [Plaintiff] had altered mental status and at least would have been able to report it to the provider company to hopefully get [Plaintiff] the help that [she] needed or at least would have avoided the situation [she] ended up . . . in." *Id.*

## LEGAL STANDARD

28 U.S.C. § 1915(e)(2) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not

raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

On August 18, 2023, the court put Plaintiff on notice that her complaint failed to plead facts which, taken as true, state a claim which is plausible on its face. (Doc. No. 6, at 1). The court

noted, for instance, that Plaintiff had not alleged that DHHS was providing her the services that were allegedly denied or that she was the intended beneficiary of any such services. *Id.* at 3. Because Plaintiff is proceeding *pro se*, the court gave her an opportunity to amend her original complaint to address these deficiencies. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). Upon review of the amended complaint, the court finds that Plaintiff has still failed to comply with Rule 8 as previously ordered.

Plaintiff's amended complaint does not cite any specific statutes or types of claims for relief. However, in construing her complaint liberally, the court construes Plaintiff's allegations to be that DHHS and/or its employees acted negligently in failing to provide at-home caregiver services as part of Plaintiff's Medicaid benefits. *See* (Doc. No. 10). 28 U.S.C. § 1346(a) generally bars civil tort actions against the Federal Government. Thus, to the extent Plaintiff is claiming DHHS itself committed negligence, her claims are barred by §1346. There is an exception for claims resulting from the negligence of Federal Government employees while acting within the scope of their employment. *Id.* § 1346(b)(1). But Plaintiff doesn't plead facts which plausibly state a negligence claim against any DHHS employees either. Thus, Plaintiff's claim for negligence cannot proceed before this court.

Moreover, even if Plaintiff had alleged facts to permit her to proceed with her negligence claim in federal court, her claim would still be subject to dismissal as she has not adequately pleaded the elements of a negligence claim. Under the FTCA, federal courts apply "the law of the place where the act or omission occurred." *Id.*; *see also Charles v. United States*, 15 F.3d 400, 403 (5th Cir. 1994). Because Plaintiff's claims relate to at-home caregiver services and Plaintiff is domiciled in Texas, the court will assume that the acts or omissions alleged in the amended complaint primarily occurred in Texas. Thus, Texas negligence law applies. "To prevail on a

4

[Texas] common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.).

Here, Plaintiff alleges that "DHHS had a duty to act" because she is "a client of theirs." (Doc. No. 10). But she does not allege facts suggesting this relationship might give rise to a "duty to act." She does not, for instance, explain why she is entitled to an at-home caregiver or how that creates a duty for DHHS. Plaintiff also fails to allege facts regarding any injury or how damages came about. The amended complaint references a "dangerous situation" and an "incident," but fails to factually describe the "incident" or how it resulted in injury. *Id.* Indeed, the amended complaint fails to identify any injuries resulting from the alleged misconduct or to request relief from the court at all. *Id.* Even construing Plaintiff's *pro se* complaint liberally, there only appears to be conclusory allegations of some indistinct misconduct by DHHS and/or some unknown employee(s). *See Taylor*, 296 F.3d at 378. Thus, Plaintiff's amended complaint fails to sufficiently plead facts which state a plausible claim for negligence under Texas law. *See Montoya*, 614 F.3d at 149; *Gann*, 394 at 88.

Traditionally, district courts are required to permit a *pro se* plaintiff an opportunity to amend her complaint or claim before dismissing the case. However, as Plaintiff has already been given an opportunity to amend and has pleaded her "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Therefore, the court declines to afford Plaintiff an additional opportunity to amend her complaint. Plaintiff's

complaint should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that that Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE